No. 5883.

# HIGDON, CLEMENTS & CO. vs. L. FRANK & CO.

## Syllabus.

The rule as to the weight that should be given to the opinion of the trial Judge in matters of conflicting testimony, has no application where the finding of the facts depends upon the appreciation of documentary evidence.

Appeal from the Civil District Court for the Parish of Orleans, Division "A," No. 82,350. Hon. T. C. W. Ellis, Judge.

Thilborger & Duffy, for plaintiff and appellant.

Boatner & Manion, H. W. Kaiser, E. B. Ellis, for defendant and appellee.

His Honor, JOHN ST. PAUL, rendered the opinion and decree of the Court, as follows:

This matter has been here once before under the No. 5216 (8 Ct. of App., 344) of our docket, and was remanded because of some evidence having been irregularly admitted. On the new trial this evidence was again introduced, the informalities having been cured, and some new evidence was taken which, however, throws but little additional light upon the controversy.

Only issues of fact are involved, but there is no real conflict in the testimony; and the sole question is whether or not the written evidence (express receipts, account sales, etc.) do or do not show that defendants have accounted to plaintiffs for a certain shipment of dressed turkeys, herein sued for.

On the first hearing the trial Judge thought that these documents did not establish a settlement by defendant with plaintiff for this particular shipment.

On hearing the case again he reached a different conclusion. We agree with the conclusion first reached.

The circumstances are as follows: Plaintiffs made certain shipments of dressed turkeys to defendant during the months of December, 1905, and January, 1906, and plaintiffs claim that defendants have correctly accounted to them for all of these, shipment by shipment, except that of December 19, 1905, herein sued for.

Defendants contend that the shipments reached them in broken lots and that they were thus unable to account for them, shipment by shipment, but did account by weight for the total of all shipments received.

When the controversy first arose defendants claimed that this particular shipment had never reached them, and advised plaintiff to make their claim against the express company, which plaintiff did; and thereupon the express company gathered up defendants' receipts, and obtained from defendants, duplicate account sales and a statement of the various deliveries made to them. These the express company forwarded to plaintiffs and they are now in the record.

They show that defendants receipted for the whole number of packages shipped by plaintiff; that they checked up the receipts against their books and found them correct; and finally that defendants accounted to plaintiff for each shipment separately, giving the exact number of packages making up such shipment and the net weight of each particular shipment.

This corresponds exactly with the account kept and claim made by plaintiffs, and shows that defendants are mistaken in their belief that they accounted for the shipments, as a whole, and because they were unable to divide them by reason of their having been delivered in broken lots.

The shipment herein involved is not one of those accounted for.

It is therefore ordered that the judgment appealed from be reversed and set aside, and it is now ordered that plaintiffs, Higdon, Clements & Co., have judgment in solido against the defendants, L. Frank & Co., and Leon Frank and Leonard Hochstein, for the full sum of four hundred and forty-four 35/100 dollars ($444.35), with legal interest from judicial demand until paid, and costs of both courts.

Opinion and decree, December 8, 1913.

Rehearing refused, January 12, 1914.